49 F.3d 198
 TRIOMPHE INVESTORS; James D. Haynes; Steven J.
Linsenmeyer; and Jan Linsenmeyer, Plaintiffs-Appellants,
v.
CITY OF NORTHWOOD; James Crane; Patricia Belknap; John
Melnyk; Raymond Lark; and John E. Blair,
Defendants-Appellees.
 No. 93-4272.
 United States Court of Appeals,
Sixth Circuit.
 Argued Dec. 7, 1994.
Decided March 7, 1995.
 
 Ralph DeNune, III (argued and briefed), DeNune & Killam, Sylvania, OH, for plaintiffs-appellants.
 Jack Zouhary, Matthew D. Harper (argued and briefed), Robison, Curphey & O'Connell, Toledo, OH, for defendants-appellees.
 Before: BROWN, KENNEDY, and SILER, Circuit Judges.
 KENNEDY, Circuit Judge.
 
 
 1
 Triomphe Investors, an Ohio general partnership, and its individual partners (collectively "Triomphe"), appeal the District Court's grant of summary judgment on its substantive due process claim. The City of Northwood, Ohio ("City") denied Triomphe a special use permit to build condominium units. Triomphe followed the state procedure for appealing this decision and was successful in obtaining the permit. By this time, however, Triomphe was in financial trouble and could no longer construct the units. Triomphe brought this action against the City and individual members of its city council (collectively "defendants"), seeking damages for the failure to issue the permit when requested. Triomphe advanced four theories of recovery. The District Court either dismissed or granted summary judgment in favor of defendants on all of Triomphe's claims. Triomphe now appeals only the substantive due process claim and the finding of qualified immunity of the individual defendants on that claim.
 
 I.
 
 2
 In 1972 the City changed the zoning of the sixty-acre piece of real estate involved in the present case from "A-Agricultural and Rural Residential" to "R-Suburban Residential." In 1973, the City issued a special use permit to a prior owner, allowing 200 condominium units to be constructed on ten acres of the sixty-acre parcel of land at issue. Only twenty-three units were built and maintenance problems developed with those units in subsequent years. In March 1987, Triomphe purchased the parcel from the Chrysler Corporation. The sale was conditioned on officially dividing the parcel into a ten-acre plot and a fifty-acre plot. The City divided the plot at Triomphe's request. The purchase agreement between Chrysler and Triomphe states that Triomphe intended to build condominium units on the ten-acre plot, but this was not a condition of the sale. In order to build these condominium units, Triomphe needed to obtain a special use permit from the City.
 
 
 3
 On September 26, 1988, Triomphe filed an application with the City of Northwood Planning Commission ("Planning Commission") for the issuance of a special use permit to build fifty additional condominium units on the ten acre parcel. The Planning Commission and Triomphe entered into a series of discussions which resulted in Triomphe modifying its construction plans. Even so, the Planning Commission recommended to the City Council that the application for a special use permit be denied.
 
 
 4
 On May 11, 1989, the City Council voted to deny Triomphe's application because (1) there were problems with water and with the poor maintenance of the existing constructed condominiums; (2) the value of the units was too low for the neighborhood; (3) there was concern that if the units did not sell, the units would become rental properties; and (4) there was no recreational area. On May 12, 1989, the City Attorney wrote a letter inviting Triomphe to reapply for a special use permit after it had addressed the concerns of the City Council.
 
 
 5
 On May 31, 1989, Triomphe reapplied for a special use permit with plans that conformed to all of the zoning requirements. Triomphe also wrote to the City to inform the City that it would not be economically feasible to rent the condominium units if they did not sell. On July 10, 1989, the Planning Commission again recommended that Triomphe's application for the permit be denied.
 
 
 6
 At the August 24, 1989, City Council meeting, residents of the neighborhoods surrounding the proposed condominium site expressed concern that the lower priced condominium units would adversely affect the value of their property. The District Court found that the City Council still was troubled by the lack of maintenance and care in the existing units. The City Council, without providing reasons, denied Triomphe's second application for the permit.
 
 
 7
 Triomphe appealed this denial to the Court of Common Pleas of Wood County, Ohio. Finding that all the zoning requirements set forth in the City Code were satisfied by Triomphe, the Court of Common Pleas ordered that the special use permit be issued to Triomphe. The City appealed. The Court of Appeals affirmed, holding that the City's unsubstantiated concerns about property value did not constitute substantial evidence that the proposed use was detrimental to the community. Triomphe Investors v. City of Northwood, No. 90WD095, 1992 WL 48527 (Ohio App. March 13, 1992). The Court of Appeals remanded the matter to the City Council so that the City Council could determine whether restrictions should be placed on the special use permit.
 
 
 8
 By the time the City Council issued the special use permit to Triomphe, Triomphe was not in a financial position to build the condominium units and it had to sell the property. Triomphe filed the present action against the City, the elected members of City Council, and the chairman of the Planning Commission. Triomphe advanced four theories of recovery: a just compensation takings claim, procedural and substantive due process claims,[1] and a tortious interference with contract claim under Ohio law.
 
 
 9
 Both Triomphe and defendants moved for summary judgment. The District Court denied Triomphe's motion. The court granted summary judgment for the individual defendants on the substantive due process claim based on qualified immunity. The court granted summary judgment for the City and the individuals in their official capacities, finding that Triomphe had failed to state a section 1983 claim. The court dismissed both the Fifth Amendment takings claim and the state law claim. Triomphe Investors v. City of Northwood, 835 F.Supp. 1036, 1048 (N.D. Ohio 1993). Triomphe appeals only the District Court's grant of summary judgment for defendants with respect to the substantive due process claim.[2]
 
 II.
 
 10
 We review a district court's grant of summary judgment de novo. Hanover Ins. Co. v. American Eng'g Co., 33 F.3d 727, 730 (6th Cir.1994). The material facts relevant to this appeal are not in dispute, so summary judgment was appropriate if plaintiff failed to make a showing sufficient to establish any element essential to its claims and on which it bore the burden of proof. Barnhart v. Pickrel, Schaeffer & Ebeling Co., 12 F.3d 1382, 1388-89 (6th Cir.1993).
 
 III.
 
 11
 The District Court held that because language in the City's zoning regulation gave the City Council discretion to issue special use permits, Triomphe did not possess a legitimate claim of entitlement to a special use permit. Triomphe, 835 F.Supp. at 1043. The court concluded that because Triomphe had no legitimate claim of entitlement it did not have a property interest which could support its substantive due process claim for the special use permit. Id. at 1044.
 
 
 12
 Triomphe argues first that it is unnecessary to demonstrate a state law property right to the special use permit in order to establish a substantive due process claim. Alternatively, if it is necessary to demonstrate a state law property right, Triomphe argues it had a legitimate claim of entitlement. Finally, Triomphe asserts that it has established a substantive due process claim because it had a justifiable expectation that the special use permit would be granted.
 
 
 13
 Triomphe, relying upon Pearson v. City of Grand Blanc, 961 F.2d 1211 (6th Cir.1992), argues that the only property interest requirement is ownership of the property. Pearson, however, does not deal with a request for a special use permit. The plaintiff in Pearson sought to have a portion of his property rezoned from residential to commercial so that a McDonald's could be placed on the site. The standard of review of such a denial, whether the denial was of legislative or administrative action, was discussed at length. The court applied the administrative standard of review, the standard most favorable to plaintiff, and found that his substantive due process rights were not violated.
 
 
 14
 The Pearson court held that substantive due process in the zoning context requires that "[t]o prevail, a plaintiff must show that the state administrative agency has been guilty of 'arbitrary and capricious action' in the strict sense, meaning 'that there is no rational basis for the ... [administrative] decision.' " Id. at 1221 (citation omitted).
 
 
 15
 As the Pearson court pointed out,
 
 
 16
 [t]he use of the term "arbitrary and capricious" in this context causes considerable confusion, because these same terms are also used to describe the scope of review by state courts of state administrative action. Therefore, it must be emphasized that the state court scope of review of a decision of a state administrative agency is far broader than the federal scope of review under substantive due process.
 
 
 17
 Id.
 
 
 18
 Triomphe argues that the state court's finding that the denial of the permit was not supported by a preponderance of substantial evidence and was therefore arbitrary and capricious meets the Pearson standard. However, as noted by the Pearson court, the state court's inquiry is not the required inquiry for a constitutional violation. We cannot say that the City Council acted irrationally in denying the permit. At the City Council meeting on August 24, 1989, persons living in the neighborhoods surrounding the proposed condominium project expressed concern that the lower priced condominiums would adversely affect their property values. In light of the substantial problems with the earlier condominium project there was a reasonable basis for denying the permit.
 
 
 19
 Triomphe, relying on City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 448, 105 S.Ct. 3249, 3258, 87 L.Ed.2d 313 (1985), argues that a zoning decision is arbitrary and capricious if the government bases it on community viewpoints which are unfounded. Cleburne, however, is inapposite since it involved an equal protection challenge on behalf of the mentally retarded. The Cleburne court itself noted that negative attitudes or unsubstantiated fears "are properly cognizable in a zoning proceeding." Id. at 448, 105 S.Ct. at 3259.
 
 
 20
 Triomphe also argues that it was entitled to prevail based on the doctrine of collateral estoppel. The reasonableness of the City Council's decision, Triomphe argues, was determined by the state courts and the federal courts are bound by this finding. We agree with the District Court that because the constitutional standard in reviewing zoning decisions is much narrower than the state's review, the question addressed by the two courts is not the same. Thus, collateral estoppel does not apply.
 
 
 21
 Triomphe next contends that even if it is required to establish a state law property interest in developing the ten-acre parcel, it has met this requirement. In order to have such a property interest supporting a substantive due process claim, Triomphe must show either that it possessed a legitimate claim of entitlement to the special use permit or a justifiable expectation that the City Council would issue the permit. Silver v. Franklin Township Board of Zoning Appeals, 966 F.2d at 1036.
 
 
 22
 In Silver, under facts analogous to those here, we held that "[t]o establish a violation of substantive due process, a plaintiff must first establish the existence of a constitutionally-protected property or liberty interest." Id. at 1036. In Silver, plaintiff purchased a parcel of land in an area zoned for single-family residential use on which the plaintiff wanted to build condominiums. The board of zoning appeals granted him a conditional zoning certificate with seven conditions to be met. The Board later rescinded the conditional approval, stating that the plaintiff had not met all of the required conditions.
 
 
 23
 We held that the plaintiff had not established a violation of substantive due process because the board had discretion to grant him his permit:
 
 
 24
 [B]efore [plaintiff] can establish a violation of substantive due process he must demonstrate that he had a property interest in the use of the undeveloped parcel as a condominium complex. To do this, [plaintiff] must prove that the [board of zoning appeals] did not have the discretion to deny [plaintiff's] use of the land as a condominium complex if he complied with certain minimum, mandatory requirements. If the [b]oard had the discretion to deny [plaintiff] a conditional zoning certificate for a condominium complex even if he complied with certain minimum, mandatory requirements, then [plaintiff] would not have a "legitimate claim of entitlement" or a "justifiable expectation" in the approval of his plan.
 
 
 25
 Silver, 966 F.2d at 1036 (citations omitted). We had required such a property interest in the earlier case of G.M. Engineers & Associates, Inc. v. West Bloomfield Township, 922 F.2d 328, 331 (6th Cir.1990).
 
 
 26
 We find Silver to be controlling. In Silver, we held that if the board of zoning appeals has discretion to deny the plaintiff a conditional zoning certificate, even if he complied with the "minimum, mandatory requirements," the plaintiff would have had neither a " 'legitimate claim of entitlement' [n]or a 'justifiable expectation' in the approval of his plan." Silver, 966 F.2d at 1036 (citations omitted).
 
 
 27
 Here, the City Council had final discretion to grant or deny Triomphe a special use permit.[3] Section 1266.09 of the Northwood City Code provides that "[a] special use permit may be granted in any of the established zoning districts." (Emphasis added.) We agree with the District Court that "[t]he use of the word 'may' provides sufficient discretion to undercut any argument that the language of the zoning regulations vested in [Triomphe] an entitlement to the special use permit once the four factors in Sec. 1266.13 were fulfilled." Triomphe, 835 F.Supp. at 1043.
 
 
 28
 Just as Silver forecloses Triomphe's claim based on a legitimate claim of entitlement, it also forecloses Triomphe's claim based on justifiable expectations. Silver, 966 F.2d at 1036. Triomphe had no justifiable expectation that its plan would be approved because the board had discretion to deny a special use permit despite Triomphe's compliance with the minimum requirements.
 
 
 29
 Triomphe advances two reasons that it expected a special use permit would be granted. First, a permit had been issued before on the same property for more units than were actually constructed. Second, Triomphe contends that it had an implied contract with the City that a permit would be issued once Triomphe modified the plans.
 
 
 30
 We find that Triomphe was not justified in assuming that a permit would be issued again. The previous permit was issued fifteen years before Triomphe applied for its permit. It did not authorize Triomphe to build the requested condominiums. A new permit was required.
 
 
 31
 Nasierowski Brothers Investment Co. v. City of Sterling Heights, 949 F.2d 890 (6th Cir.1991), is not to the contrary. In Nasierowski, the landowner purchased his property in a transaction expressly contingent upon the landowner's securing of a favorable zoning opinion from the city. The city assured him that his property was zoned for the general business purposes he proposed, but later changed the zoning without the required public notice. We found that the landowner had a property interest allowing him to raise a procedural due process challenge to the rezoning.
 
 
 32
 Here, the City did not change the zoning. Although the City knew that Triomphe intended to build condominium units on the property, this is insufficient to create a state law property interest in the special use permit.
 
 
 33
 Triomphe also argues that it had an implied contract with the City because the City conditioned the approval of the permit upon Triomphe's compliance with numerous technical requirements, requiring Triomphe to bear the expense of revising the site plans. Triomphe notes that the City invited it to reapply after its first application was denied.
 
 
 34
 There could be no implied contract here because the City had discretion to deny the permit. In Silver, the board of zoning appeals required the developer to address seven concerns before it would reconsider his request for a conditional zoning certificate. Silver, 966 F.2d at 1033. However, the planning commission could deny the developer's request even if he complied with the requirements. Id. at 1036. Here, likewise, the City ordinances made no promises of approval to Triomphe even if the requirements were met. Plaintiff has failed to demonstrate a state property law right which entitles it to a special use permit under any of the theories it has advanced.
 
 IV.
 
 35
 We agree with the District Court that Triomphe has failed to show a violation of a constitutionally-protected property interest. Because Triomphe has not stated a cognizable constitutional claim, we need not decide whether defendants are entitled to qualified immunity. Black v. Parke, 4 F.3d 442, 445 (6th Cir.1993).
 
 
 36
 The District Court's decision granting summary judgment to defendants is AFFIRMED.
 
 
 
 [1]
 In light of the relief obtained by Triomphe in state court, Triomphe voluntarily dismissed the procedural due process claim
 
 
 [2]
 Although neither the parties nor the District Court addressed this issue, Triomphe's substantive due process claim appears to be no different from an ordinary takings claim brought under the Fifth and Fourteenth Amendments. Triomphe seeks damages for the loss of use of its property because of the time it took to litigate in state court. Ordinarily, a party must seek compensation through the procedures established by the state and cannot bring a federal constitutional takings claim until he or she has been denied compensation through these procedures. Williamson County Regional Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 194, 105 S.Ct. 3108, 3120, 87 L.Ed.2d 126 (1985); Silver v. Franklin Township Board of Zoning Appeals, 966 F.2d 1031, 1034 (6th Cir.1992). Ohio law does provide an inverse condemnation procedure and Triomphe has failed to use it. Triomphe, 835 F.Supp. at 1047. However, under current law of this circuit, the substantive due process claim appears to be ripe. Pearson v. City of Grand Blanc, 961 F.2d 1211, 1212 (6th Cir.1992)
 
 
 [3]
 Section 1266.13 of the Northwood City Code sets out criteria which must be considered by the Planning Commission and City Council in their decisions concerning a special use permit:
 1266.13 CRITERIA FOR CONSIDERATION
 The following criteria shall be used by the Planning Commission and Council in considering a special use application:
 (a) The special use is necessary or desirable for the public convenience at that location.
 (b) The special use is so designed, located and proposed to be operated that the public health, safety and welfare will be protected.
 (c) The special use will not cause substantial injury to the value of other property in the neighborhood in which it is to be located.
 (d) The special use conforms to the applicable regulations of the district in which it is to be located, including yard and height restrictions, and also conforms to the requirements for off-street parking as set forth in Section 1266.05.