NOT RECOMMENDED FOR PUBLICATION
File Name: 19a0263n.06

No. 18-1139

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

TOLLBROOK, LLC,                         )
                                        )
    Plaintiff-Appellant,                )
                                        )   ON APPEAL FROM THE
v.                                      )   UNITED STATES DISTRICT
                                        )   COURT FOR THE EASTERN
CITY OF TROY,                           )   DISTRICT OF MICHIGAN
                                        )
    Defendant-Appellee.                 )
                                        )

FILED

May 21, 2019
DEBORAH S. HUNT, Clerk

**BEFORE: CLAY, McKEAGUE, and WHITE, Circuit Judges.**

**HELENE N. WHITE, Circuit Judge.** Plaintiff-Appellant Tollbrook, LLC (Tollbrook) appeals the dismissal of its claims alleging violations of substantive due process and 42 U.S.C. § 1983 based on Defendant-Appellee City of Troy's (the City) denial of a conditional rezoning request that would have allowed Tollbrook to develop a multi-family housing complex on a parcel zoned for single-family residential. The district court dismissed Tollbrook's claims after finding no constitutionally protected interest at stake and that the City Council's decision was not arbitrary and capricious. We AFFIRM.

**I.**

Tollbrook is the owner of three adjacent parcels of property totaling 2.57 acres along Big Beaver Road in Troy, Michigan. The property is in an area designated as "Big Beaver" in the City Master Plan. The Master Plan promotes redevelopment in the Big Beaver area with a greater mix of land uses, particularly multi-family housing, retail, restaurant, and other commercial land uses. In mid-June 2016, Tollbrook submitted a request to the City to conditionally rezone the property

from R-1B (single-family residential) to BB (commercial and multi-family) for the purpose of developing a multi-family housing project called the Lofts.

At the request of the Troy Planning Commission, Tollbrook made changes to the Lofts site plan and resubmitted its conditional rezoning request on July 27, 2016, and again on December 9, 2016. These changes included (1) reducing the number of stories from six to three along the northern edge of the building (which abuts a single-family residential neighborhood) and transitioning to five stories on its southern edge; (2) reducing the total number of residential units from 152 to 140; (3) increasing the building set-back along the northern property line from 60 feet to 131.12 feet as an additional transitional feature; (4) revising the mix of units to provide sixty-three efficiency units; (5) adding twenty-four onsite parking spaces; and (6) removing landscaping along the northern and eastern property line in order to accommodate additional onsite parking. In the final site plan, submitted on January 30, 2017, the Lofts included 140 units and 223 designated parking spaces. The final Lofts plan complied with all local zoning requirements for the BB district, as well as City of Troy and Oakland County requirements related to civil engineering, environmental, infrastructure, police, fire, and emergency rescue concerns. According to the traffic study Tollbrook submitted to the Planning Commission, the Lofts project would have no negative impact on surrounding roads or land uses. On February 14, 2017, the Planning Commission unanimously recommended to the City Council that Tollbrook's request be approved.

The Lofts project was discussed at the City Council meeting on April 10, 2017. According to the complaint, the meeting was "dominated by written and vocal public opposition to Tollbrook's conditional rezoning request based on a multitude of enunciated 'Not In My Backyard' reasons completely unrelated to legitimate land use, zoning or planning reasons." (R. 1, PID 8.)

Following two hours of public comment, Tollbrook's conditional rezoning request failed to get the five votes required for approval.[1]

Tollbrook then filed this lawsuit. Count I of Tollbrook's complaint alleges a denial of substantive due process in violation of the Fifth and Fourteenth Amendments to the United States Constitution. The complaint asserts that Tollbrook "has legally protected property and liberty interests in utilizing the Property for all lawful purposes," and that the City's denial of the conditional rezoning request "was arbitrary and capricious, shocks the conscience, and fails to advance any legitimate governmental interest or purpose." (*Id.* at PID 9.) Count II alleges a violation of 42 U.S.C. § 1983 arising from the same conduct. Tollbrook sought an injunction requiring the City to approve all permits necessary to proceed with the Lofts project, an injunction preventing the City from interfering with Tollbrook's redevelopment as described in the Lofts site plan, attorneys' fees, and "any other relief this court deems fair and just." (*Id.* at PID 11.)

The City moved to dismiss Tollbrook's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Regarding Tollbrook's substantive due process claim, the City argued that Tollbrook failed to allege a constitutionally protected property interest in the conditional rezoning of its property because conditional rezoning requests are committed to the discretion of the City Council by state and local law, and failed to make plausible allegations that the City Council's denial of the conditional zoning request was arbitrary and capricious. According to the City, Tollbrook's allegations regarding the basis of the Council's decision were mere legal conclusions, not well-pleaded factual assertions. In support, the City attached multiple exhibits to its motion to dismiss, including agendas for the dates on which the Planning Commission reviewed the

---

[1] Prior to the April 10, 2017 meeting, the City was served with a protest petition, triggering the requirement of super-majority approval for the conditional rezoning request. *See* Troy, Mich., Zoning Ordinance, art. 16.06 (2011). As a result, Tollbrook needed to garner at least five affirmative votes from the City Council.

conditional rezoning request, the City of Troy Zoning Ordinance, the traffic study conducted on behalf of Tollbrook, the proposed conditional rezoning agreement, the rezoning protest petition filed by opponents of the project, and the minutes of the City Council meeting on April 10, 2017. Tollbrook did not challenge the attachment of these documents in its response. In its reply brief, the City directed the district court to an online video of the April 10, 2017 City Council meeting. The City argued that the video showed that the denial of the request was not arbitrary and capricious because the council members' reasons for voting against the project related to legitimate zoning and land-use concerns.

The district court granted the City's motion to dismiss. The district court agreed with the City that both state and local law committed rezoning decisions to the discretion of the City Council. The district court also found that section 16.04 of the Troy Zoning Ordinance, which provides the standards for approving conditional rezoning requests, gives the City Council "a great amount of discretion in determining, for example, whether a proposal benefits public health, safety, and welfare." (R. 18, PID 850.) Because conditional rezoning requests are within the City Council's discretion, the district court found that Tollbrook had no "legitimate claim of entitlement" or "justifiable expectation" in the approval of its rezoning request, and thus no constitutionally protected interest. (*Id*. at PID 852 (quoting *G.M. Eng'rs & Assocs., Inc. v. West Bloomfield Twp*., 922 F.2d 328, 331 (6th Cir. 1990)).)

The district court also found that Tollbrook made no plausible allegations that the City Council's decision was arbitrary and capricious. Noting that a zoning decision "will withstand substantive due process attack unless it is not supported on any rational basis or is willful and unreasoning action," (*id*. at 853 (quoting *Andreano v. City of Westlake*, 136 F. App'x 865, 872 (6th Cir. 2005)), the district court concluded that the video of the City Council meeting "shows

that the councilmembers did indeed consider the factors articulated by the ordinance and stated reasons indicating adherence to the ordinance when voting against Tollbrook's proposal." (*Id*. at PID 854.)[2] According to the district court, the video showed that several councilmembers expressed concern that increased traffic on nearby streets would raise the risk of harm to pedestrians, and that two councilmembers expressed concern that the Lofts would not fit with the Master Plan because the project would not preserve the existing character of the adjacent residential neighborhood. Because these concerns relate to the factors listed in the Troy Zoning Ordinance,[3] the district court found that the government's decision had a rational basis. The district court therefore dismissed Tollbrook's substantive due process claim. Finding no allegations to support a constitutional violation, the district court also dismissed Tollbrook's § 1983 claim.

This timely appeal followed.

**II.**

We review de novo a district court's grant of a motion to dismiss for failure to state a claim. *Doe v. Miami Univ.*, 882 F.3d 579, 588 (6th Cir. 2018) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). "A claim has facial plausibility when the plaintiff

---

[2] Because we do not reach the question whether the City Council's decision was arbitrary and capricious, we need not decide whether it was improper for the district court to take judicial notice of the video.

[3] The City of Troy Zoning Ordinance identifies five factors that the City Planning Commission should consider when evaluating a petition for conditional rezoning: (1) the proposed development is designed or proposed for public health, safety, and welfare purposes; (2) the proposed development is not in material conflict with the Master Plan, or if there is a material conflict with the Master Plan, such conflict is due to a change in City policy since the Master Plan was adopted, a change in conditions since the Master Plan was adopted, or an error in the Master Plan; (3) the proposed development is in accordance with all terms and provisions of the zoning district to which the land is to be rezoned; (4) public services and facilities affected by the proposed development will be capable of accommodating service and facility loads caused by use of the development; (5) the proposed development ensures compatibility with adjacent uses of land. Troy, Mich., Zoning Ordinance, art. 16.04.

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In reviewing a motion to dismiss, we "must construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Doe*, 882 F.3d at 588 (citation omitted).

### III.

The Fourteenth Amendment to the United States Constitution protects individuals from the deprivation of "life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Due process has both a substantive and a procedural component. Tollbrook does not allege a violation of procedural due process. Substantive due process "protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them." *EJS Props., LLC v. City of Toledo*, 698 F.3d 845, 855 (6th Cir. 2012) (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992)). "Citizens have a substantive due process right not to be subjected to arbitrary or irrational zoning decisions." *Braun v. Ann Arbor Charter Twp.*, 519 F.3d 564, 573 (6th Cir. 2008) (citation and internal quotation marks omitted). However, a court should "not interfere with local zoning decisions unless the locality's action has no foundation in reason and is a mere arbitrary or irrational exercise of power having no substantial relation to the public health, the public morals, the public safety or the public welfare." *Id.* at 574 (citation omitted). A plaintiff alleging a substantive due process violation resulting from a zoning decision must show "that (1) a constitutionally protected property or liberty interest exists, and (2) the constitutionally protected interest has been deprived through arbitrary and capricious action." *EJS Props.*, 698 F.3d at 855 (quotation omitted).

#### A.     *Protected Interest*

Tollbrook asserts that it has a protected liberty interest "arising from its justifiable expectation that the City would comply with its own Zoning Ordinance in considering and

deciding on the Lofts request." (Appellant's Br. at 10 (emphasis omitted).) Tollbrook contends that such a liberty interest may "arise from an 'expectation or interest' created by state laws or policies." (*Id.* (quoting *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005)).) Section 16.03(A)(6) of the Zoning Ordinance provides:

> The City Council shall review the application for rezoning, the Planning Commission recommendation, and Planning Department report. The City Council, after a review of the matter, shall adopt a resolution which shall either:
> a. Approve the rezoning application for all or part of the property.
> b. Deny the rezoning application; or
> c. Postpone the rezoning application.

Troy, Mich., Zoning Ordinance, art. 16.03(A)(6) (2011). This procedure applies to conditional rezoning requests. *Id*. at 16.04(C). Tollbrook asserts that the City Council failed to follow the mandates of the Troy Zoning Ordinance in denying its conditional rezoning request because the City Council never officially adopted a resolution regarding the Lofts request. Rather, the City Council merely voted down the request without adopting a resolution stating its reasons for the denial.

*Wilkinson v. Austin* does not help Tollbrook, however. That case addressed the liberty interest of Ohio inmates in avoiding transfer to supermax prisons. 545 U.S. at 221–22. It does not support a general proposition that a constitutionally protected liberty interest arises from an expectation that municipalities will follow their own ordinances. And we have rejected arguments similar to Tollbrook's in the past. *See, e.g.*, *EJS Props.*, 698 F.3d at 860 (no liberty interest in the right to corruption-free government action). Tollbrook thus fails to allege a constitutionally protected liberty interest in the City Council's adherence to the requirement that it pass its rezoning-approval decision by resolution.

Nor has Tollbrook alleged a protected property interest. Whether a person has a property interest is traditionally a question of state law. *EJS Props.*, 698 F.3d at 855–56 (citing *Logan v.*

*Zimmerman Brush Co*., 455 U.S. 422, 430 (1982)).  Federal constitutional law, however, "determines whether that interest rises to the level of a legitimate claim of entitlement protected by the Due Process Clause."  *Id*. (quoting *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 757 (2005)).  As we explained at length in *EJS Properties*, a property owner may have a property interest in the existing zoning classification of his or her property or in a discretionary benefit after it has been conferred.  698 F.3d at 856 (citations omitted).  Similarly, a landowner may have a property interest in a previously approved building permit where the city does not retain discretion to modify its terms.  *See Chandler v. Vill. of Chagrin Falls*, 296 F. App'x 463, 469 (6th Cir. 2008).  But "[a] party cannot possess a property interest in the receipt of a benefit when the state's decision to award or withhold the benefit is wholly discretionary."  *EJS Props.*, 698 F.3d at 855 (quoting *Med Corp., Inc. v. City of Lima*, 296 F.3d 404, 409 (6th Cir. 2002)).  As a result, to establish a constitutionally protected property interest in the approval of the conditional rezoning request for the Lofts project, Tollbrook must show that the City lacked the "discretion to deny [Tollbrook's] use of the land . . . if [it] complied with certain minimum, mandatory requirements."  *Id*. (quoting *Silver v. Franklin Twp. Bd. of Zoning Appeals*, 966 F.2d 1031, 1036 (6th Cir. 1992)).

Tollbrook is unable to make this showing.  Michigan law provides that a local government "may approve" a conditional rezoning proposal if certain conditions are met.  Mich. Comp. Laws § 125.3405.[4]  The Troy Zoning Ordinance similarly provides that a conditional rezoning "may

---

[4] The statute provides in full:

> (1) An owner of land may voluntarily offer in writing, and *the local unit of government may approve*, certain use and development of the land as a condition to a rezoning of the land or an amendment to a zoning map.

> (2) In approving the conditions under subsection (1), the local unit of government may establish a time period during which the conditions apply to the land.  Except for an extension under subsection (4), if the conditions are not satisfied within the time specified under this subsection, the land shall revert to its former zoning classification.

only be approved upon a finding and determination" that five relevant factors are met. Troy, Mich., Zoning Ordinance, art. 16.04(C)(3). As the district court correctly noted, the legislature's use of "may" authorizes discretionary decisionmaking by local governments. *See EJS Props.*, 698 F.3d at 856. Further, several of the factors listed in the Zoning Ordinance require the exercise of discretion, such as whether the proposed development promotes public safety and welfare, and whether the proposed development is compatible with adjacent uses of land. Troy, Mich., Zoning Ordinance, art. 16.04. Because these considerations are inherently subjective, the Zoning Ordinance "gives the [City] broad discretion [whether] to issue a conditional zoning certificate even if the property owner can demonstrate that the use is conditionally permitted." *Silver*, 966 F.2d at 1036. In other words, meeting these factors is a necessary requirement for the approval of a conditional rezoning request, but satisfying them does not obligate the City Council to approve the request.

Tollbrook contends that the City Council was required to grant the conditional rezoning request because the Planning Commission unanimously voted to recommend the proposal. But the Zoning Ordinance clearly vests ultimate authority over rezoning requests in the City Council, not the Planning Commission. Section 16.03 of the Zoning Ordinance provides that the Planning Commission "shall make a recommendation to the City Council," and that the City Council "shall review the application for rezoning, the Planning Commission recommendation, and Planning

---

(3) The local government shall not add to or alter the conditions approved under subsection (1) during the time period specified under subsection (2) of this section.

(4) The time period specified under subsection (2) may be extended upon the application of the landowner and approval of the local unit of government.

(5) A local unit of government shall not require a landowner to offer conditions as a requirement for rezoning. The lack of an offer under subsection (1) shall not otherwise affect a landowner's rights under this act, the ordinances of the local unit of government, or any other laws of this state.

Mich. Comp. Laws § 125.3405 (2006) (emphasis added).

Department report." Troy, Mich. Zoning Ordinance, art. 16.03(A)(4), (6). "[A]fter a review of the matter, [the City Council] shall adopt a resolution" approving, denying, or postponing the application. *Id*. at art. 16.03(A)(6). The ordinance makes clear that the City Council may deny the application notwithstanding a positive recommendation by the Planning Commission; the decision is wholly committed to the discretion of the City Council. Tollbrook thus has no constitutionally protected property interest in the approval of the conditional rezoning request.

### B.    *Arbitrary and Capricious*

A plaintiff alleging a substantive due process violation resulting from a zoning decision is required to show "that (1) a constitutionally protected property or liberty interest exists, and (2) the constitutionally protected interest has been deprived through arbitrary and capricious action." *EJS Props.*, 698 F.3d at 855 (quotation omitted). In *EJS Properties*, we discussed the circumstances in which a plaintiff may be able to state a substantive due process claim without first establishing a protected interest—a so-called "shocks-the-conscience" claim. *Id*. at 861–62. For example, a plaintiff need not demonstrate a protected interest in order to show that a state law is unconstitutional, because "[a]n individual or entity with constitutional standing to challenge legislation on due process grounds has at stake the right not to be subject to arbitrary and capricious action by a state either by legislative or administrative action." *Am. Exp. Travel Related Servs. Co., Inc. v. Kentucky*, 641 F.3d 685, 689 (6th Cir. 2011) (citation and internal quotation marks omitted). However, "in the context of a discretionary zoning decision, government action will not shock the conscience unless the arbitrary and capricious action touches on a protectable interest." *EJS Props.*, 698 F.3d at 862. Because Tollbrook has failed to plausibly allege that it had a constitutionally protected property or liberty interest in the approval of its conditional rezoning

request, its substantive due process claim fails, and we need not address whether the City's decision was arbitrary and capricious.

## IV.

For the reasons stated above, we **AFFIRM**.[5]

---

[5] The City filed a motion on October 24, 2018 asking this court to take judicial notice of two documents: (1) the complaint filed in *Tri-Corp Management Co. v. Praznik*, No. 00-01196 (E.D. Ohio May 11, 2001); and (2) the complaint filed in *Paterek v. Village of Armada*, No. 13-13966 (E.D. Mich. Sept. 16, 2013). Tollbrook cites our subsequent opinions in these two cases in its opening brief as examples of arbitrary and capricious municipal zoning actions that violated the plaintiffs' right to substantive due process. The City now offers the initial complaints filed in the cases to draw a "direct contrast to the Spartan and legally insufficient allegations contained in Plaintiff-Appellant Tollbrook's Complaint." (App. R. at 3).

Under Federal Rule of Evidence 201, a court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "This standard applies to appellate courts taking judicial notice of facts supported by documents not included in the record on appeal." *United States v. Ferguson*, 681 F.3d 826 (6th Cir. 2012) (citation omitted). Appellate courts can take notice of the actions of other courts, but generally, a court will recognize only indisputable court actions, such as the entry of a guilty plea or the dismissal of a civil action. *See In re Omnicare, Inc. Secs. Litig.*, 769 F.3d 455, 468 (6th Cir. 2014) (citation omitted).

Whether or not Rule 201 authorizes us to take notice of these particular documents, we find that our opinions in *Tri-Corp Management Co. v. Praznik*, 33 F. App'x 742 (6th Cir. 2002) and *Paterek v. Village of Armada*, 801 F.3d 630, 635 (6th Cir. 2015) adequately set forth the facts of those disputes, and therefore we need not review the complaints in order to reach a conclusion here. The City's motion for judicial notice is denied.