# SECURITY SAVINGS BANK *v.* STATE OF CALIFORNIA.

## ERROR TO THE SUPREME COURT OF THE STATE OF CALIFORNIA.

No. 21.   Submitted October 3, 1923.—Decided November 19, 1923.

1. Savings deposits, in a state banking corporation having its place of business within the State of its creation, are intangible property subject, like tangible property, to the dominion of the State.  P. 285.
2. A state law requiring a bank, through appropriate procedure, to pay over such deposits, when long unclaimed, to the State as depositary or by way of escheat, violates no right of the bank under the contract clause of the Constitution or the due process clause of the Fourteenth Amendment, since the bank's contracts with the depositors merely give it the use of the money until called for by proper authority, and payment to the State in obedience to a valid law discharges its obligation to them.  *Id.*
3. The two essentials of jurisdiction in a proceeding by the State to effect an escheat of such unclaimed deposits, in order that the depositors may be bound and the bank protected, are seizure of the *res* at the beginning of the suit and reasonable notice and opportunity to be heard accorded the depositors.  P. 287.
4. Under the California statutes here involved, seizure of the *res* is accomplished by personal service on the bank, in a suit brought by the Attorney General in Sacramento County, and due notice is given the depositors by publication in that county of a summons, with a notice, also, to all other persons to appear and show cause why the money should not be deposited with the State Treasurer. *Id.*
5. Proof by affidavit that personal service on depositors is impossible or impracticable is not a constitutional prerequisite to service by publication in such an escheat proceeding, where the depositors impleaded are only those who are not known to the bank officials to be alive, whose accounts have not been added to or drawn

upon for twenty years, and who have not filed with the bank, within that time, any notice or claim giving their then residences. P. 288.

6. In view of other statutes requiring savings banks in California to publish at their several locations annual notices of deposits not added to or drawn upon during the preceding ten years, with the name, last known residence and other particulars concerning the depositor, this Court cannot say that the escheat statute, in providing for publication of summons in escheat proceedings at Sacramento County only, was unreasonable. P. 289.

186 Cal. 419, affirmed.

ERROR to a judgment of the Supreme Court of California affirming a judgment of escheat of bank deposits in suit of the State against the Savings Bank and the depositors.

*Mr. Edward J. McCutchen, Mr. Warren Olney, Jr.,* and *Mr. A. Crawford Greene* for plaintiff in error.

*Mr. U. S. Webb,* Attorney General of the State of California, for defendant in error. *Mr. Frank L. Guerena,* Deputy Attorney General, was also on the brief.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

This suit was brought by the State of California to have transferred to it certain deposits in the Security Savings Bank which had been unclaimed for more than twenty years; and to have these declared escheat. The bank and the depositors were named as defendants. The bank was served personally and defended. The depositors were served by publication; but none of them appeared.[1] The

---

[1] As to two depositors originally named as defendants a dismissal was entered by stipulation. As to one, because it appeared that the deposit had not been unclaimed for the twenty years; as to the other, because a claim had been made by the administrator, since the expiration of the twenty years.

bank is a California corporation and has its only place of
business there.   The last known residences of the depos-
itors are not stated.   All the proceedings were in conform-
ity with § 1273 of the California Code of Civil Procedure
and § 15 of its Bank Act, Stat. 1915, c. 608, p. 1106.   A
judgment for the plaintiff was affirmed by the highest
court of the State.   *State v. Security Savings Bank,* 186
Cal. 419.   The case is here on writ of error under § 237
of the Judicial Code as amended.   The question for deci-
sion is whether the statutes violate rights guaranteed a
state bank by the Federal Constitution.[2]   It is claimed
that they are obnoxious to both the contract clause and
the due process clause.

The substantive provision of the legislation is this: If
a bank account has not been added to or drawn upon by
the depositor for more than twenty years; and no one
claiming the money has, within that period, filed with the
bank any notice showing his present residence; and the
president or managing officer of the bank does not know
that the depositor is alive; then the bank shall, upon entry
of a judgment establishing these facts, deposit with the
state treasurer the amount of the deposit and accumula-
tions.   The suit cannot be begun until after the expira-
tion of the twenty years.   The statute does not effect an
immediate escheat upon the lapse of the twenty years.
It provides for taking over the deposit when so adjudged
in the action.   A valid claim to a deposit duly made at
any time prior to entry of the judgment prevents its trans-
fer to the State.   *Mathews v. Savings Union Bank & Trust
Co.,* 43 Cal. App. 45, 48.   *State v. Savings Union Bank &
Trust Co.,* 186 Cal. 294, 298.

The procedural provision is this: The suit is brought by
the attorney general in Sacramento County.   Upon the
bank, personal service must be made.   Upon the depos-

---

[2] That the statutes are invalid as applied to national banks was
settled in *First National Bank* v. *California,* 262 U. S. 366.

itors, service is to be made by publication of the summons for four weeks in a newspaper of general circulation published in that county. With the summons a notice must also be published requiring all persons other than the named defendants, to appear and show cause why the moneys involved in the suit shall not be deposited with the state treasurer. Any person interested may become a party to the suit. The judgment to be entered requires the " banks to forthwith deposit all such moneys with the state treasurer, to be received, invested, accounted for and paid out in the same manner and by the same officers as is provided in the case of other escheated property." For a period of five years after entry of the judgment any person not a " party or privy " to it may sue the State to recover the money so received. In the case of infants and persons of unsound mind, the period is extended for one year after removal of the disability. Code of Civil Procedure, § 1272.

The unclaimed deposits are debts due by a California corporation with its place of business there. *State* v. *Anglo & London Paris National Bank,* 186 Cal. 746, 753; *State* v. *Security Savings Bank,* 186 Cal. 419, 423. The debts arose out of contracts made and to be performed there. *Farmers & Merchants Bank* v. *Federal Reserve Bank,* 262 U. S. 649, 660. Thus the deposits are clearly intangible property within the State.[3] Over this intangible property the State has the same dominion that it has over tangible property. *Pennington* v. *Fourth National Bank,* 243 U. S. 269; *Bank of Jasper* v. *First National Bank,* 258 U. S. 112, 119. It was settled in *Provident Institution for Savings* v. *Malone,* 221 U. S. 660, that, where the procedure is appropriate, neither the due process clause, nor any right of the bank under the contract clause, is violated by a law requiring it to pay over to the

[3] See Charles E. Carpenter, " Jurisdiction over Debts, etc.," 31 Harv. Law Rev. 905.

State as depositary savings deposits which have long re-
mained unclaimed.  Compare *Cunnius* v. *Reading School
District,* 198 U. S. 458; *Blinn* v. *Nelson,* 222 U. S. 1.  The
contract of deposit does not give the banks a tontine right
to retain the money in the event that it is not called for by
the depositor.  It gives the bank merely the right to use
the depositor's money until called for by him or some other
person duly authorized.  If the deposit is turned over to
the State in obedience to a valid law, the obligation of the
bank to the depositor is discharged.  *Louisville & Nash-
ville R. R. Co.* v. *Deer,* 200 U. S. 176.  It is no concern of
the bank's whether the State receives the money merely
as depositary or takes it as an escheat.

The bank's main contention is that it is denied due
process because, owing to defects in the prescribed pro-
cedure, depositors will not be bound by the judgment;
and, hence, that payment to the State will not discharge
the bank from its liability to them.  The argument that
there is no proper provision for service upon depositors or
other claimants is this: If the proceeding is *in personam,*
the law is invalid as to non-residents of the State, since
they are served only by publication; and it is invalid as
to residents, because they are served by publication with-
out a prior showing of the necessity for such service.  If
the proceeding is *quasi in rem,* the law is invalid as to all
depositors and claimants, because there is no seizure of
the *res,* or its equivalent; because the notice provided for
is inadequate and unreasonable; and because it is binding
only on parties to the action.  If the proceeding is strictly
*in rem* the law is invalid, because it does not provide for
such seizure of the *res,* nor give reasonable notice to
depositors and claimants.

The proceeding is not one *in personam*—at least, not
so far as concerns the depositor.  The State does not seek
to enforce any claim against him.  It seeks to have the
deposit transferred.  The suit determines the custody

(and perhaps the ownership) of the deposit.   The state court likened the proceeding to garnishment, and thought that it should be described as *quasi in rem*.   In form it resembles garnishment.   In substance it is like proceedings in escheat, *Hamilton* v. *Brown*, 161 U. S. 256, 263; *Christianso* v. *King County*, 239 U. S. 356, 373; for confiscation, *The Confiscation Cases*, 20 Wall. 92, 104; for forfeiture, *Friedenstein* v. *United States*, 125 U. S. 224, 230, 231; for condemnation, *Huling* v. *Kaw Valley Ry., etc., Co.*; 130 U. S. 559; for registry of titles, *American Land Co.* v. *Zeiss*, 219 U. S. 47; and libels for possession brought by the Alien Property Custodian, *Central Union Trust Co.* v. *Garvan*, 254 U. S. 554.   These are generally considered proceedings strictly *in rem*.   But whether the proceeding should be described as being *in rem* or as being *quasi in rem* is not of legal significance in this connection. In either case the essentials of jurisdiction over the de-· posits are that there be seizure of the *res* at the commencement of the suit; and reasonable notice and opportunity to be heard.   Compare *Pennoyer* v. *Neff*, 95 U. S. 714, 724; *Freeman* v. *Alderson*, 119 U. S. 185, 187; *Arndt* v. *Griggs*, 134 U. S. 316; *Overby.* v. *Gordon*, 177 U. S. 214, 231.   These requirements are satisfied by the procedure prescribed in the statutes of California.   There is a seizure or its equivalent.   And the published summons to the depositors named as parties defendant is supplemented by the notice directed to all claimants whomsoever. Moreover, there is no constitutional objection to considering the proceeding as *in personam*, so far as concerns the bank; as *quasi in rem*, so far as concerns the depositors; and as strictly *in rem*, so far as concerns other claimants.[4]

Seizure of the deposit is effected by the personal service made· upon the bank.   *Provident Institution for Savings* v. *Malone*, 221 U. S. 660.   Thereby the *res* is subjected·

---

[4] Compare *Newell* v. *Norton*, 3 Wall. 257; *The Sabine*, 101 U. S. 384; Waples, Proceedings in Rem (1882), pp 758–768.

to the jurisdiction of the court. Compare *Miller* v. *United States,* 11 Wall. 268, 297, 298; *Alexandria* v. *Fairfax,* 95 U. S. 774, 779. The service upon the bank has the same effect as had service of the injunction in *Pennington* v. *Fourth National Bank,* 243 U. S. 269; or the service upon the garnishee in *Harris* v. *Balk,* 198 U. S. 215, 223; or the application for administration of the debt due an absentee in *Cunnius* v. *Reading School District,* 198 U. S. 458; or the levy of the writ and return of the fact to the court on attachment of the real estate in *Cooper* v. *Reynolds,* 10 Wall. 308. The fact that the claim of the State to the deposit may be defeated by the appearance of the debtor or other claimant does not, as argued, prove that the deposit was not seized. An attachment of real estate is a seizure, although it may be dissolved by bankruptcy or otherwise.

The statutory service is reasonable; and the court is required to hear any one who may appear in the suit. The objections urged to the notice are not that insufficient time is allowed for entering an appearance, as in *Roller* v. *Holly,* 176 U. S. 398, and *Goodrich* v. *Ferris,* 214 U. S. 71, or that the contents of the notice fail to convey the required information, as in *Grannis* v. *Ordean,* 234 U. S. 385. The objections taken are to the order and the place of publication. It is urged that the notice is insufficient, because service may not be made by publication until it has been shown by affidavit that personal service is impossible or impractical. Such an affidavit is a common requirement in statutes providing for service by publication on absent defendants. Compare *Romig* v. *Gillett,* 187 U. S. 111; *Jacob* v. *Roberts,* 223 U. S. 261. But it is not constitutionally indispensable. The reason for requiring the affidavit is that ordinarily, personal service would be more likely to acquaint a defendant with the pendency of the suit. But here the general facts which underlie the legislation establish the futility of such a re-

quirement. `It may be that in California banks usually endeavor to ascertain the whereabouts of depositors whose accounts have remained dormant for many years. The statute applies only to deposits in the name of a person who is not known to the president or managing officer of the bank to be alive, whose account has not been added to or drawn upon for twenty years, and who has not filed within that time any notice or claim giving his then residence. The legislature evidently assumed that it would be impossible to serve such depositors personally. The Supreme Court of the State held that the legislature was warranted in this assumption. The owners of the deposits were, therefore, treated like persons unknown. Compare *Leigh* v. *Green*, 193 U. S. 79. We cannot say that the view entertained by the legislature and the state courts was so unreasonable as to constitute a denial of due process.

It is further argued that the publication prescribed is not reasonable notice, because it is made in Sacramento County, instead of in the county in which the bank is located. The legislature apparently assumed that publication in Sacramento County would be more likely to attract the attention of the depositor, or of those claiming under him, than publication in the city in which the bank was located. Support for that opinion may be found in the statutes which have required savings banks (and later all banks) to publish annually in a newspaper of the city in which it is located a statement showing the amount of each deposit therein, the name and last known residence of each depositor, and the fact of his death, if known, in all cases where the depositor has not made a deposit or withdrawal for ten years next preceding, unless the depositor is known to be living or the deposit is less than fifty dollars. Stats. 1893, p. 183; Stats. 1897, p. 27. Civil Code, § 583b. Such annual publica-

tions, if seen, would be apt to remind a depositor of his account, even if he were not named therein. And if he had died, it might serve as a reminder, or as a suggestion, to his next of kin. The fact that, after nine, or more, such publications in the local newspaper, a deposit remains unclaimed, affords the legislature some basis for thinking that the further publication provided for in these proceedings would be more apt to accomplish the purpose of actual service, if made in the county in which the state capital is located. The highest court of the State deemed the prescribed publication in Sacramento County reasonable notice. We have no ground for saying that it was not. Obviously the question "is one of local experience on which this court ought to be very slow to declare that the state legislature was wrong in its facts" or abused its discretion. *Patsone* v. *Pennsylvania,* 232 U. S. 138, 144; *Adams* v. *Milwaukee,* 228 U. S. 572, 583.

In the opinion below it was suggested that the statute may be construed as permitting a depositor, although named as defendant in the attorney general's suit, to make claim as against the State, under § 1272, at any time within the five years (or the extended period) after final judgment, if he did not appear in the suit. As no depositor had appeared, the point was not passed upon; and the state court expressly left open the rights of depositors and their privies in respect to escheat. *State* v. *Security Savings Bank,* 186 Cal. 419, 431. We have no occasion to consider them.

*Affirmed.*