RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 11a0113p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

AMERICAN EXPRESS TRAVEL RELATED
SERVICES COMPANY, INC.,

                _Plaintiff-Appellee,_

    _v._

COMMONWEALTH OF KENTUCKY, KENTUCKY
DEPARTMENT OF THE TREASURY,

                _Defendant,_

TODD HOLLENBACH, Treasurer, in his official
capacity,

                _Defendant-Appellant._

No. 09-5898

Appeal from the United States District Court
for the Eastern District of Kentucky at Frankfort.
No. 08-00058—Danny C. Reeves, District Judge.

Argued: March 11, 2011

Decided and Filed: May 5, 2011

Before: KENNEDY and MARTIN, Circuit Judges; MURPHY, District Judge.[*]

_____

## COUNSEL

**ARGUED:** Stuart W. Cobb, OFFICE OF THE KENTUCKY ATTORNEY GENERAL, Frankfort, Kentucky, for Appellant. Walter L. Sales, STOLL KEENON OGDEN PLLC, Louisville, Kentucky, for Appellee. **ON BRIEF:** Stuart W. Cobb, Tad Thomas, OFFICE OF THE KENTUCKY ATTORNEY GENERAL, Frankfort, Kentucky, for Appellant. Walter L. Sales, Timothy J. Eifler, David S. Sullivan, STOLL KEENON OGDEN PLLC, Louisville, Kentucky, for Appellee.

---

[*] The Honorable Stephen J. Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

1

———————————

## OPINION

———————————

CORNELIA G. KENNEDY, Circuit Judge.    Defendant-Appellant Todd Hollenbach, the Treasurer of Kentucky, appeals the district court's order declaring unconstitutional an amendment to section 393.060 of the Kentucky Revised Statutes.   The amendment shortens the period after which state law imposes a presumption of abandonment on traveler's checks, thereby accelerating the date at which the issuer of an unclaimed traveler's check must remit the outstanding funds to the state. The district court determined that the amendment violated the Fourteenth Amendment Due Process Clause because it lacked a rational basis.  Accordingly, the district court granted declaratory and injunctive relief to Plaintiff-Appellee American Express Travel Related Services Co. ("American Express").  Because we hold that the amendment does not violate the Due Process Clause, we **VACATE** the district court's decision and **REMAND** the case for consideration of American Express's remaining constitutional claims.

### FACTUAL AND PROCEDURAL BACKGROUND

American Express is in the business of issuing traveler's checks, which are preprinted "checks" in fixed dollar amounts ranging from $20-100.  Upon the sale of a traveler's check, either by American Express directly or through a third-party vendor, American Express receives the funds tendered for the check and records the serial number of the check, its amount, and the date and place of sale; thereafter, American Express will honor the check in its full amount upon presentation by a holder in due course.  American Express sells traveler's checks to its customers at face value, that is, free of any service charges or fees.  It profits from this business by investing the funds it receives from the sale of traveler's checks, which it retains until the checks are redeemed.  Traveler's checks have no expiration date, and although the majority of purchasers cash their traveler's checks within one year, American Express relies on a

small percentage of traveler's checks remaining uncashed for several years. It can therefore invest some funds from outstanding traveler's checks in long-term, high-yield investments, up until state property law imposes a presumption of abandonment on uncashed traveler's checks. At that point, American Express must remit the outstanding funds to the state. Until recently, all fifty states followed the presumption that a traveler's check was abandoned if still outstanding more than fifteen years after issuance, as recommended in the Uniform Unclaimed Property Act.

In 2006, the Kentucky General Assembly shortened the presumptive abandonment period for traveler's checks to seven years as part of its budget legislation for fiscal years 2007 and 2008 (the "2006 amendment").[1] American Express claims that the legislation will render its traveler's check business in Kentucky unprofitable, as the shorter presumptive abandonment period curtails its ability to place the funds from uncashed traveler's checks in long-term investments. Consequently, American Express challenged the 2006 amendment in Kentucky state court under both the Kentucky Constitution and the Federal Constitution. The Franklin Circuit Court invalidated the enactment for failure to comply with the procedure for amending legislation required by Section 51 of the Kentucky Constitution, but it did not consider American Express's other claims of unconstitutionality. An appeal of this decision was dismissed on procedural grounds by the Kentucky Court of Appeals, *Lassiter v. Am. Express Travel Related Servs. Co.*, Nos. 2007-CA-000908, 2007-CA-000973, 2008 WL 7448204 (Ky. Ct. App. Oct. 3, 2008), and then reinstated by the Kentucky Supreme Court, *Lassiter v. Am. Express Travel Related Servs. Co.*, 308 S.W.3d 714 (Ky. 2010); the Kentucky Court of Appeals is currently holding the case in abeyance pending disposition of this appeal.

---

[1] After the passage of the Kentucky legislation, New Jersey also departed from the presumption that traveler's checks are abandoned after fifteen years. *See* 2010 N.J. Laws 25 (amending the New Jersey Unclaimed Property Law to reflect a three-year presumptive abandonment period for traveler's checks). American Express has also challenged that legislation in the United States District Court for the District of New Jersey. The district court's denial of a preliminary injunction against the legislation, *Am. Express Travel Related Servs. Co. v. Sidamon-Eristoff*, --- F. Supp. 2d ----, 2010 WL 4722209 (D.N.J. Nov. 13, 2010), is currently on appeal to the United States Court of Appeals for the Third Circuit.

In 2008, the Kentucky General Assembly again passed legislation amending section 393.060 to reflect a seven-year presumptive abandonment period for traveler's checks (the "2008 amendment"). The enactment was incorporated into the budget legislation for fiscal years 2009 and 2010, as well as a separate bill designed to cure the procedural defects identified by the Franklin Circuit Court with respect to the 2006 amendment. In response, American Express filed suit in the United States District Court for the Eastern District of Kentucky against the Commonwealth of Kentucky, the Kentucky Department of Treasury, and Todd Hollenbach, in his official capacity as Treasurer of Kentucky. American Express requested declaratory and injunctive relief, asserting that the 2008 amendment violates the Due Process Clause of the Fourteenth Amendment, the Contracts Clause of Article I, Section 10, and the Takings Clause of the Fifth and Fourteenth Amendments, as well as provisions of the Kentucky Constitution. The district court dismissed American Express's state-law claims based on abstention principles and dismissed as defendants the Commonwealth and the Department of Treasury based on sovereign immunity. *Am. Express Travel Related Servs. v. Kentucky*, 597 F. Supp. 2d 717 (E.D. Ky. 2009).

Both American Express and the Treasurer moved for summary judgment on American Express's federal constitutional claims, and the district court granted summary judgment to American Express. The district court concluded that, because the 2008 amendment was intended as a revenue-raising measure, it did not satisfy rational basis review and it therefore violated substantive due process principles. *Am. Express Travel Related Servs. Co. v. Hollenbach*, 630 F. Supp. 2d 757, 760-64 (E.D. Ky. 2009). Though the district court expressed doubt about the viability of American Express's challenges under the Contracts Clause and the Takings Clause, it declined to rule on these claims given its holding that the 2008 amendment violated the Due Process Clause. *Id.* at 764-66. After the district court denied the Treasurer's motion for reconsideration, *Am. Express Travel Related Servs. Co. v. Hollenbach*, No. 08-58, 2009 WL 2382407 (E.D. Ky. July 30, 2009), the Treasurer timely filed the instant appeal.

## STANDARD OF REVIEW

"This Court reviews de novo a district court's grant of summary judgment." *Lenscrafters, Inc. v. Robinson*, 403 F.3d 798, 802 (6th Cir. 2005) (citing *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir. 2001)). Summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A court considering a summary judgment motion considers the facts in the light most favorable to the nonmoving party and draws all reasonable inferences in favor of the nonmoving party." *Lenscrafters*, 403 F.3d at 802 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "The constitutionality of a state statute is a question of law which this Court reviews *de novo*." *Cherry Hill Vineyards, LLC v. Lilly*, 553 F.3d 423, 431 (6th Cir. 2008) (citing *Cmtys. for Equity v. Mich. High Sch. Athletic Ass'n*, 459 F.3d 676, 680 (6th Cir. 2006)).

## ANALYSIS

### I.      Substantive Due Process Claim

In analyzing American Express's substantive due process claim, the district court used "a two-part analysis" involving the determination of whether American Express's interest in the unclaimed funds from issued traveler's checks constitutes "a protected liberty or property interest under the Fourteenth Amendment." *Hollenbach*, 630 F. Supp. 2d at 760-61 (relying on *Wojcik v. City of Romulus*, 257 F.3d 600, 609 (6th Cir. 2001). Though a plaintiff must demonstrate a deprivation of a constitutionally protected liberty or property interest in order to establish a due process violation based on discretionary conduct of government officials, *see Prater v. City of Burnside, Ky.*, 289 F.3d 417, 431-32 (6th Cir. 2002), such a showing is not necessary to establish that a state law is unconstitutional, *see, e.g.*, *Craigmiles v. Giles*, 312 F.3d 220, 223-24 (6th Cir. 2002) (evaluating plaintiffs' due process challenge to a Tennessee statute governing licensure of funeral directors by considering only whether the statute survived rational basis scrutiny). An individual or entity with constitutional standing to challenge legislation

on due process grounds has at stake the "right not to be subject to 'arbitrary or capricious' action by a state either by legislative or administrative action." *Pearson v. City of Grand Blanc*, 961 F.2d 1211, 1217 (6th Cir. 1992). Accordingly, we consider only whether the 2008 amendment "is judicially voidable on its face [because] it necessarily compels results in all cases which are 'arbitrary and capricious, bearing no relation to the police power.'" *Sam & Ali, Inc. v. Ohio Dep't of Liquor Control*, 158 F.3d 397, 402-03 (6th Cir. 1998) (quoting *Eastlake v. Forest City Enters., Inc.*, 426 U.S. 668, 676 (1976)).

"'[L]egislation that does not proscribe fundamental liberties . . . violates the Due Process Clause' where it imposes burdens without any 'rational basis' for doing so." *Sheffield v. City of Fort Thomas, Ky.*, 620 F.3d 596, 613 (6th Cir. 2010) (quoting *United States v. Comstock*, --- U.S. ----, 130 S. Ct. 1949, 1966 (2010) (Kennedy, J., concurring)). Such legislation is "'endowed with a presumption of legislative validity, and the burden is on [the challenger] to show that there is no rational connection' between the enactment and a legitimate government interest." *Id.* (alteration in original) (quoting *Harrah Indep. Sch. Dist. v. Martin*, 440 U.S. 194, 198 (1979)). This rational basis test, though "not 'toothless,'" *Berger v. City of Mayfield Heights*, 154 F.3d 621, 625 (6th Cir. 1998) (quoting *Mathews v. Lucas*, 427 U.S. 495, 510 (1976)), "is highly deferential; courts hold statutes unconstitutional under this standard of review only in rare or exceptional circumstances," *Doe v. Mich. Dep't of State Police*, 490 F.3d 491, 501 (6th Cir. 2007). Furthermore, "plaintiffs bringing substantive due process challenges to [economic] statutes must traverse unusually inhospitable legal terrain because the Supreme Court has not invalidated an economic statute on substantive due process grounds since . . . 1935." *Blue Diamond Coal Co. v. Sec'y of Health & Human Servs.* (*In re Blue Diamond Coal Co.*), 79 F.3d 516, 521 (6th Cir. 1996) (internal quotation marks omitted) (referencing *R.R. Ret. Bd. v. Alton R.R.*, 295 U.S. 330 (1935)). Rather, the Supreme Court has since made clear that "regulatory legislation affecting ordinary commercial transactions is not to be pronounced unconstitutional unless in the light of the facts made known or generally assumed it is of such a character as to

preclude the assumption that it rests upon some rational basis within the knowledge and experience of the legislators." *United States v. Carolene Prods. Co.*, 304 U.S. 144, 152 (1938).

The Treasurer argues on appeal that the district court misapplied the rational basis test under which we evaluate American Express's substantive due process claim. Specifically, the Treasurer asserts that the district court improperly looked to the General Assembly's actual legislative purpose in passing the 2008 amendment when, in fact, "the courts must affirm the constitutionality of a legislative enactment if it is rationally related to any conceivable legitimate state purpose, regardless of what the 'real' intent of the legislature may have been in passing the legislation." The Treasurer contends that, upon consideration of his proffered purpose for the 2008 amendment, the legislation passes constitutional muster. We agree that the district court erroneously applied a stricter form of rational basis review. We further hold that the district court erred in granting summary judgment to American Express on its substantive due process challenge.

### A.     The Scope of Rational Basis Review

In his motion for summary judgment, the Treasurer argued that the 2008 amendment survives rational basis scrutiny because: (1) Kentucky has a legitimate interest in taking possession of abandoned property; and (2) this purpose is rationally related to the seven-year presumptive abandonment period for traveler's checks. The district court found that this interest cannot be considered a legislative purpose behind the 2008 amendment. Instead, the district court determined that, in light of the 2008 amendment's legislative history and the Franklin Circuit Court's factual findings relating to the 2006 amendment, "it is clear that the state's objective [in passing the 2008 amendment] was to raise revenue rather than to reunite citizens with lost property." *Hollenbach*, 630 F. Supp. 2d at 764. The district court then concluded that "[s]hortening the presumptive abandonment period from fifteen to seven years is not 'rationally related' to raising revenue for the state, even if revenue raising were a legitimate state purpose or objective." *Id.*

The district court erred in deciding that it could not consider Kentucky's interest in assuming possession of unclaimed property as a purpose supporting the 2008 amendment. As the Supreme Court often has reiterated, the party challenging a legislative enactment subject to rational basis review must "'negative every conceivable basis which might support it.'" *See, e.g.*, *Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U.S. 356, 364 (1973) (quoting *Madden v. Kentucky*, 309 U.S. 83, 88 (1940)). "Under rational basis review, it is 'constitutionally irrelevant [what] reasoning in fact underlay the legislative decision.'" *Craigmiles*, 312 F.3d at 224 (alteration in original) (quoting *R.R. Ret. Bd. v. Fritz*, 449 U.S. 166, 179 (1980)). "[W]e will be satisfied with the government's 'rational speculation' linking the regulation to a legitimate purpose, even 'unsupported by evidence or empirical data.'" *Id.* (quoting *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993)). Thus, if a statute can be upheld under any plausible justification offered by the state, or even hypothesized by the court, it survives rational-basis scrutiny. *See Berger*, 154 F.3d at 624-26 (speculating as to the City Council's possible motivations for passing the challenged ordinance).

In concluding that the 2008 amendment should not be evaluated under this "very permissive rational basis test," the district court relied on the following statement in *United States Trust Co. of New York v. New Jersey*, 431 U.S. 1, 26 (1977): "[C]omplete deference to a legislative assessment of reasonableness and necessity is not appropriate because the State's self-interest is at stake. A governmental entity can always find a use for extra money, especially when taxes do not have to be raised." *See Hollenbach*, 630 F. Supp. 2d at 763. However, in *United States Trust Co.*, the Court was considering a Contracts Clause challenge to New Jersey legislation abrogating the state's contractual obligations, not a substantive due process challenge to a statute premised on the state's general interest in raising revenue. Applying heightened scrutiny to every law that generated revenue for the state would affect the constitutionality of a wide range of legislation, contravening Supreme Court precedent applying the standard rational basis test to such measures. *See, e.g.*, *Fitzgerald v. Racing Ass'n of Cent. Iowa*, 539 U.S. 103, 106-10 (2003) (applying rational basis review in Equal Protection challenge to Iowa's

tax on adjusted revenues from slot machines); *Nordlinger v. Hahn*, 505 U.S. 1, 11 (1992) (stating that rational basis review "is especially deferential in the context of classifications made by complex tax laws"). For these reasons, there is "no basis to import the heightened scrutiny standard, delineated in *U.S. Trust Co.*, to the substantive due process claim here." *Am. Express Travel Related Servs. Co. v. Sidamon-Eristoff*, --- F. Supp. 2d ----, 2010 WL 4722209, at \*19 (D.N.J. Nov. 13, 2010) (declining to follow *Hollenbach* when addressing the likelihood that American Express will succeed on its substantive due process challenge to New Jersey legislation shortening the presumptive abandonment period for traveler's checks to three years).

The district court also read *Anderson National Bank v. Luckett*, 321 U.S. 233 (1944), as imposing "specific standards" for the validity of a state's presumptive abandonment period. *Hollenbach*, 630 F. Supp. 2d at 762. It drew these standards from two of the Court's statements in *Anderson National Bank*: first, that "it is no longer open to doubt that a state, by a procedure satisfying constitutional requirements, may compel surrender to it of deposit balances, *when there is substantial ground for belief that they have been abandoned or forgotten*," 321 U.S. at 240 (emphasis added); and second, that "[w]ith respect to the statutory rebuttable presumption of abandonment[,] . . . we are unable to say that the legislative determination is *without support in experience*," *id.* at 241 (emphasis added). To the extent that these statements are inconsistent with the permissive rational basis test employed by this Court and the Supreme Court, the Supreme Court's numerous and more recent articulations of the parameters of rational basis review should control. "There was a time when the Due Process Clause was used by [the Supreme] Court to strike down laws which were thought unreasonable, that is, unwise or incompatible with some particular economic or social philosophy." *Ferguson v. Skrupa*, 372 U.S. 726, 729 (1963). Now, the Court "ha[s] returned to the original constitutional proposition that courts do not substitute their social and economic beliefs for the judgment of legislative bodies, who are elected to pass laws." *Id.* at 730; *see also Williamson v. Lee Optical of Okla., Inc.*, 348 U.S. 483, 488 (1955) ("The day is gone when this Court uses the Due Process Clause of the Fourteenth Amendment to strike

down state laws, regulatory of business and industrial conditions, because they may be unwise, improvident, or out of harmony with a particular school of thought.").

American Express offers a third argument in support of the district court's heightened rational basis scrutiny, citing past cases from the Supreme Court and this Court rejecting the government's proffered legitimate objectives when the challenged legislation appeared to be based on an illegitimate purpose. *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 447-50 (1985); *Zobel v. Williams*, 457 U.S. 55, 61-64 (1982); *U.S. Dep't of Agric. v. Moreno*, 413 U.S. 528, 533-38 (1973); *Craigmiles*, 312 F.3d at 224-29; *Berger*, 154 F.3d at 624-26; *Burstyn v. City of Miami Beach*, 663 F. Supp. 528, 533-37 (S.D. Fla. 1987); *see also Romer v. Evans*, 517 U.S. 620, 631-35 (1996). While the review applied in the cases on which American Express relies seems less deferential than the traditional rational basis standard associated with cases like *Carolene Products* and *Lee Optical*, *see, e.g.*, Kenji Yoshino, *The New Equal Protection*, 124 Harv. L. Rev. 747, 759-60 (2011) (noting that the level of scrutiny applied by the Court in *Cleburne*, *Moreno*, and *Romer* "depart[s] from the usual deference associated with rational basis review" and "commentators have correctly discerned a new rational basis with bite standard in such cases"), there is an outcome-determinative distinction between those "rational basis with a bite" decisions and the instant matter. In each of the former, the Supreme Court or this Court concluded that the legislation at issue was in fact intended to further an improper government objective.[2] In contrast, "[r]evenue raising is certainly a legitimate legislative purpose." *United States v. Carlton*, 512 U.S. 26, 40 (1994) (Scalia, J., concurring in judgment) (citing U.S. Const. art. I, § 8, cl. 1).

---

[2] *See Romer*, 517 U.S. at 635 (concluding that Colorado constitutional amendment prohibiting all governmental action designed to protect homosexuals from discrimination was motivated by animus towards homosexuals); *Cleburne*, 473 U.S. at 450 (finding that zoning ordinance requiring special use permit for operation of a group home for the mentally retarded was premised on an "irrational prejudice against the mentally retarded"); *Zobel*, 457 U.S. at 63-64 (invalidating Alaska's dividend distribution scheme based on length of in-state residency because rewarding citizens for past tax contributions is an illegitimate state purpose); *Moreno*, 413 U.S. at 534 (determining that an amendment to the Food Stamp Act "was intended to prevent socalled 'hippies' and 'hippie communes' from participating in the food stamp program"); *Craigmiles*, 312 F.3d at 224 (declaring unconstitutional an economic regulation aimed at "protecting a discrete interest group from economic competition"); *Berger*, 154 F.3d at 622-23 (overturning ordinance governing the maintenance of vacant lots that was targeted specifically to plaintiff); *see also Burstyn*, 663 F. Supp. at 536-37 (compiling evidence that provisions of zoning ordinance regulating "adult congregate living facilities" were intended to discriminate against the elderly).

American Express attempts to demonstrate that, despite this general proposition, revenue raising is an illegitimate legislative objective in the context of the 2008 amendment, which is an escheat law enacted pursuant to the General Assembly's police powers.[3] This argument must fail; not only has the Supreme Court clarified that a state may "use its legislative power to dispose of property within its reach, belonging to unknown persons," it has sanctioned this practice, reasoning that "[s]uch property thus escapes seizure by would-be possessors and is used for the general good rather than for the chance enrichment of particular individuals or organizations." *Standard Oil Co. v. New Jersey ex rel. Parsons*, 341 U.S. 428, 436 (1951). "Accordingly, the mere fact that [Kentucky] generates revenue by escheating abandoned property does not run afoul of any substantive due process safeguards." *Sidamon-Eristoff*, 2010 WL 4722209, at *19. The 2008 amendment will pass constitutional muster if it survives scrutiny under the traditional, deferential rational basis standard. *See, e.g.*, *Carolene Prods.*, 304 U.S. at 152 ("[T]he existence of facts supporting the legislative judgment is to be presumed . . . .").

### B.     Application to the 2008 Amendment

We are required to entertain the Treasurer's rational speculation that the 2008 amendment was intended to facilitate Kentucky's interest in assuming possession of abandoned property, even though, as the district court found, the legislative history does not reflect whether this goal was actually considered by the General Assembly.[4]

---

[3] American Express also claims that the Treasurer's proffered purpose violates Section 51 of the Kentucky Constitution and is therefore illegitimate. The district court correctly dismissed this contention, along with the rest of American Express's state law claims, because federal courts lack the power to enjoin a violation of state law. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). Whether or not the 2008 amendment complies with the procedural requirements dictated by the Kentucky Constitution does not affect the legislation's validity under the federal Constitution.

[4] American Express argues, for the first time on appeal, that "the doctrine of judicial estoppel bars the Treasurer from taking the inconsistent position here that the purpose of the Legislation is to reunite owners and their property." According to American Express, the Treasurer's claims are "clearly inconsistent with his earlier, successful argument [to the Franklin Circuit Court] that the Legislation is a revenue raiser." However, as discussed in the previous section, rational basis review allows the government to proffer "rational speculation" as to a statute's purpose, regardless of actual or admitted legislative objectives. *Craigmiles*, 312 F.3d at 224. The fact that the Treasurer may have argued in a prior proceeding that the 2006 amendment was intended to raise revenue for the state has no bearing on the Treasurer's current contention—specifically, that the 2008 amendment can survive rational basis scrutiny

Because this objective constitutes a legitimate state purpose and the seven-year presumptive abandonment period is rationally related to that purpose, the 2008 amendment does not violate substantive due process guarantees.

It cannot be doubted that Kentucky has a legitimate interest in enacting legislation that allows the state to take custody of property that is presumed abandoned. *See Anderson Nat'l Bank*, 321 U.S. at 240 ("[I]t is no longer open to doubt that a state, by a procedure satisfying constitutional requirements, may compel surrender to it of deposit balances, when there is substantial ground for belief that they have been abandoned or forgotten . . . ."); *see also Sec. Savs. Bank v. California*, 263 U.S. 282, 285-86 (1923). American Express unsuccessfully attempts to refute the 2008 amendment's presumption of validity by asserting that the General Assembly has adopted irrational means to advance this interest. In particular, American Express maintains that the General Assembly had no grounds to conclude that traveler's checks are lost or abandoned after seven years, given the district court's finding that between a quarter and a third of traveler's checks still outstanding at the seven-year point are cashed before the fifteen-year point. *Hollenbach*, 630 F. Supp. 2d at 762.

Nevertheless, the General Assembly rationally could have concluded that traveler's checks are no less likely to be abandoned after being unredeemed for seven years, as opposed to fifteen years. *Cf. Cunnius v. Reading Sch. Dist.*, 198 U.S. 458, 477 (1905) (holding that the seven-year time period after which Pennsylvania law presumed an absent person dead and allowed for the administration of his or her estate "certainly cannot be said to be unreasonable"). "The legislature need not produce 'mathematical precision in the fit between justification and means' when enacting economic legislation." *Blue Diamond*, 79 F.3d at 521 (quoting *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 639 (1993)); *see also Lee Optical*, 348 U.S. at 487-88 ("[A] law need not be in every respect logically consistent with its

_____

because it is rationally related to Kentucky's interest in taking possession of abandoned property. *Cf. R.R. Ret. Bd. v. Fritz*, 449 U.S. 166, 181 (1980) (Stevens, J., concurring in judgment) (noting that legislation is often "the product of multiple and somewhat inconsistent purposes that led to certain compromises").

aims to be constitutional. It is enough that there is an evil at hand for correction, and that it might be thought that the particular legislative measure was a rational way to correct it."). Indeed, the legislature need not support its enactments with empirical evidence at all. *Sheffield*, 620 F.3d at 614 ("[T]o pass rational-basis scrutiny, ordinances need not be supported by scientific studies or empirical data; nor need they be effective in practice."). It falls to American Express to demonstrate that a seven-year presumptive abandonment period is irrational, and the evidence American Express presented to the district court fails to satisfy this burden. In fact, American Express's own statistics indicate that between 99.60% and 99.68% of traveler's checks are cashed before the seven-year mark, and the rate at which purchasers redeem traveler's checks after seven years declines considerably.

Because American Express has not carried its "heavy burden of 'negativ[ing] every conceivable basis which might support [the 2008 amendment],'" *Hadix v. Johnson*, 230 F.3d 840, 843 (6th Cir. 2000) (alteration in original) (quoting *Heller v. Doe ex rel. Doe*, 509 U.S. 312, 320 (1993)), we will not overturn the General Assembly's legislative judgment that a seven-year presumptive abandonment period is appropriate for traveler's checks. We may not invalidate the 2008 amendment simply because we think it unwise to deviate from the fifteen-year presumptive abandonment period recommended in the Uniform Unclaimed Property Act and adhered to in forty eight states, or because we are inclined to think that, in general, traveler's checks are not lost or abandoned after only seven years. The district court erred in holding that the 2008 amendment violated the Fourteenth Amendment guarantee of substantive due process.

## II.       Remaining Constitutional Claims

American Express asserts that we may affirm the district court's judgment invalidating the 2008 amendment on alternative grounds, namely that it violates the Takings Clause, it violates the Contracts Clause, or its retroactive application to traveler's checks already sold violates the Due Process Clause. The district court denied the Treasurer's motion to dismiss these claims on the pleadings, *American Express v.*

*Kentucky*, 597 F. Supp. 2d at 726-29, but it declined to decide them in its order granting summary judgment, *see Hollenbach*, 630 F. Supp. 2d at 764-66. We are hesitant to decide these potentially meritorious claims without the benefit of a definitive ruling from the district court, which can expand the evidentiary record or request additional briefing or argument from the parties if needed. Therefore, remand is appropriate for the determination of whether the 2008 amendment effects an unconstitutional taking, unconstitutionally impairs American Express's contractual obligations, or is unconstitutionally retroactive in application.

## CONCLUSION

For the foregoing reasons, we **VACATE** the judgment of the district court invalidating the 2008 amendment to section 393.060 of the Kentucky Revised Statutes on substantive due process grounds. We **REMAND** the case to the district court for consideration of American Express's remaining constitutional challenges in proceedings consistent with this opinion.