**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

DANIEL FARRELL,
           *Plaintiff-Appellant*,

v.

BOEING EMPLOYEES CREDIT UNION;
MOORE BREWER & WOLFE, a
Professional Corporation,
           *Defendants-Appellees.*

No. 19-16130

D.C. No.
5:16-cv-02711-
NC

OPINION

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding

Argued and Submitted June 12, 2020
San Francisco, California

Filed July 16, 2020

Before:  Milan D. Smith, Jr. and Andrew D. Hurwitz,
Circuit Judges, and Timothy M. Burgess,* District Judge.

Opinion by Judge Hurwitz

---

* The Honorable Timothy M. Burgess, United States Chief District
Judge for the District of Alaska, sitting by designation.

## SUMMARY[**]

### Fair Debt Collection Practices Act

The panel affirmed the district court's summary judgment in favor of defendants on claims that the garnishment of plaintiff's wages violated the Fair Debt Collection Practices Act and California law.

Defendant obtained a judgment debt against plaintiff in California state court in 2010.  Plaintiff moved to Indiana in 2012.  Defendant obtained a California wage garnishment order against plaintiff's federal employer, which garnished his wages from 2012 to 2015.  Plaintiff moved to Texas in 2014.  He alleged that the continued garnishment of his wages, absent domestication of the California judgment in Indiana and Texas, violated the FDCPA and California law.

The panel held that the Hatch Act Reform Amendments of 1993, 5 U.S.C. § 5520a(b), waived the federal government's sovereign immunity and subjected a federal employee's pay to "legal process in the same manner and to the same extent as if the agency were a private person." Thus, federal employees' wages are subject to garnishment to the extent allowed by state law.  The panel held that plaintiff's wages were properly garnished under California law because the California court issuing the garnishment order had jurisdiction over the garnishee, which was the federal government, and defendant did not need to

---

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

domesticate the California judgment in any other state to reach plaintiff's federal wages.

## COUNSEL

Matthew M. Loker (argued) and Abbas Kazerounian, Kazerouni Law Group APC, Arroyo Grande, California, for Plaintiff-Appellant.

Eric A. Schneider (argued) and David J. Billings, Anderson McPharlin & Conners LLP, Los Angeles, California, for Defendants-Appellees.

## OPINION

HURWITZ, Circuit Judge:

In 2010, Boeing Employees Credit Union ("BECU") obtained a California state court judgment against Daniel Farrell. In 2012, BECU obtained an earnings withholding order (the California equivalent of a wage garnishment order) from the state court and served it on the federal government, Farrell's employer. Farrell had moved from California to Indiana shortly before the order was served; he later moved to Texas but remained employed by the federal government while living in each state.

The issue for decision is whether the federal statute permitting garnishment of federal employees' wages, 5 U.S.C. § 5520a, allowed the continuing garnishment of Farrell's wages under the California order after he left that state, or whether BECU was instead required to domesticate the California judgment first in Indiana and then in Texas

and pursue post-judgment collection efforts in each of those states.  We hold that because the garnishment order was properly served on the federal government and Farrell remained a government employee, his federal wages were properly garnished under the California order.  We therefore affirm the judgment of the district court.

# I

Farrell is a civilian employee of the Department of Defense ("DOD").  In 2009, Farrell purchased a vehicle through an installment contract later assigned to BECU.  After Farrell defaulted on the contract, BECU obtained a default judgment in California state court in 2010.

In 2012, Farrell moved to Indiana, but remained a federal employee.  Shortly thereafter, a law firm representing BECU obtained a California earnings withholding order pursuant to California Civil Procedure Code § 706.021 and served it on the DOD.  Pursuant to the order, the DOD garnished Farrell's wages from 2012 to 2015 to satisfy the outstanding judgment.  Farrell moved from Indiana to Texas in 2014.

In 2016, Farrell sued BECU and its lawyers (collectively, "BECU") in California state court, alleging that the continued garnishment of his wages absent domestication of the California judgment in Indiana and Texas violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and California law.  After removal, the district court granted summary judgment to BECU and Farrell appealed.

This Court affirmed in part, vacated in part, and remanded.  *Farrell v. Boeing Emps. Credit Union*, 761 F. App'x 682 (9th Cir. 2019).  The panel first held that Farrell's judgment debt was within the purview of 5 U.S.C. § 5520a and its implementing regulations.  *Id.* at 684–85.  The panel

then noted that whether the statute "requires compliance with the garnishment laws of the state of the debtor's residence appears to present an issue of first impression" and vacated and remanded for a complete analysis of the issue. *Id.* at 685. On remand, the district court was also instructed to consider: (1) the potential application of Indiana and Texas judgment domestication statutes; (2) "the lack of a clear statutory mandate allowing for interstate garnishment of federal employees' wages in the commercial debt context, in contrast to the family law context"; and (3) the amount of deference owed to the views of the Office of Personnel Management ("OPM"). *Id.*

On remand, the district court again granted summary judgment to BECU. The court found the Indiana and Texas domestication statutes irrelevant, because the garnishment order had been properly served on Farrell's employer, the federal government, and Farrell remained employed by the government throughout the relevant period. The court did not find the lack of statutory authority for interstate garnishment dispositive given the appropriate service of the California earnings withholding order on the federal government and Farrell's continued federal employment. Finally, the district court determined that OPM had not directly spoken on this issue. Farrell again appealed. We have jurisdiction under 28 U.S.C. § 1291 and review the summary judgment de novo. *Comcast of Sacramento I, LLC v. Sacramento Metro. Cable Television Comm'n*, 923 F.3d 1163, 1168 (9th Cir. 2019).

## II

Garnishment is a civil action brought by a creditor against a third party, seeking access to the debtor's property in the hands of the third party. *See Wash. State Dep't of Soc. & Health Servs. v. Guardianship Estate of Keffeler*, 537 U.S.

371, 383 (2003) (citing Black's Law Dictionary 689 (7th ed. 1999)). Garnishment, traditionally a creature of state law, *see Harris v. Balk*, 198 U.S. 215, 222 (1905), can reach wages owed by an employer to the debtor, *see United States v. Morton*, 467 U.S. 822, 832 & n.15 (1984). Because garnishment is a suit against the third-party garnishee, not the debtor, a federal employee's wages may not be garnished absent a waiver of sovereign immunity. *See Franchise Tax Bd. of Cal. v. U.S. Postal Serv.*, 467 U.S. 512, 516–17 (1984) ("[U]nless waived, sovereign immunity prevents the creditor of a federal employee from collecting a debt through a judicial order requiring the United States to garnishee the employee's salary.").

The Hatch Act Reform Amendments of 1993 waived the federal government's sovereign immunity and subjected a federal employee's pay to "legal process in the same manner and to the same extent as if the agency were a private person." 5 U.S.C. § 5520a(b). Legal process includes "any writ, order, summons, or other similar process in the nature of garnishment" authorized under state or local law that "orders the employing agency of such employee to withhold an amount from the pay of such employee" to satisfy a debt. *Id*. § 5520a(a)(3). The statute was designed to "remove federal employees' immunity from garnishment" and treat them "the same as all other Americans." S. Rep. No. 103-57, at 9 (1993). By subjecting the pay of federal employees to the process applicable to pay from private employers, the statute incorporates state law, *see First Va. Bank v. Randolph*, 110 F.3d 75, 79 (D.C. Cir. 1997), and thus makes "federal employees' wages subject to garnishment only to this extent," S. Rep. No. 103-57, at 6.

**A**

Thus, the central question is whether Farrell's federal wages were properly garnished under California law. In California, "[e]xcept as otherwise provided by law, all property of the judgment debtor is subject to enforcement of a money judgment." Cal. Civ. Proc. Code § 695.010(a). That property includes wages owed to the debtor by the employer; California law allows a judgment creditor to obtain an earnings withholding order that can be served on the debtor's employer. *See* Cal. Civ. Proc. Code §§ 706.021, 706.121. Farrell does not contest the underlying judgment, the validity of the earnings withholding order obtained by BECU, or its service on his employer, the federal government. Therefore, the issue boils down to whether the garnishment order was, as federal law requires, issued by "a court of competent jurisdiction." 5 U.S.C. § 5520a(a)(3)(A).

That was the case here. A California court issuing a garnishment order need only have jurisdiction over the third-party garnishee, not the debtor. *See State v. Sec. Sav. Bank*, 199 P. 791, 794 (Cal. 1921), *aff'd*, 263 U.S. 282 (1923). Here, the garnishee is the federal government, which has designated agents to accept service of process, 5 C.F.R. § 582.201, and has agreed to comply with state garnishment orders, 5 C.F.R. § 582.305.

Although domestication of a state judgment in another state is typically required to conduct post-judgment enforcement proceedings in the latter state, *see Baker by Thomas v. Gen. Motors Corp.*, 522 U.S. 222, 235, 238–39 (1998), BECU never sought to conduct such proceedings in either Indiana or Texas. Rather, BECU enforced the California judgment through the California wage execution order against the federal government, garnishing money owed by the employer to Farrell. *See* 2 Witkin, Cal. Proc.

5th Juris., Garnishment § 248 (2020).  Because there is no dispute that the federal government was subject to the jurisdiction of the California court and owed the wages garnished, there was no violation of federal law. Therefore, BECU did not need to domesticate the California judgment in any other state to reach Farrell's federal wages.

Our conclusion is supported by the opinion of the Federal Circuit in *Millard v. United States*, 916 F.2d 1 (Fed. Cir. 1990).  In *Millard*, a retired Army member sued the federal government after it garnished his wages pursuant to a California wage assignment order. *Id.* at 4–5.  Interpreting California law and an analogous federal statute, the court rejected Millard's argument that domestication was required because he actually received his pay outside of California. *Id.* at 7.  Rather, the court concluded, the garnishment was valid because the California courts had jurisdiction over the federal government, the garnishee.  *Id.* (collecting cases).

**B**

Farrell's remaining arguments are unpersuasive.

Farrell first relies on the prior panel's observation about "the lack of a clear statutory mandate allowing for interstate garnishment of federal employees' wages in the commercial debt context, in contrast to the family law context." *Farrell*, 761 F. App'x at 685 (citing 42 U.S.C. § 666(b)(9)).  But, although the observation is accurate, there are material differences between the two statutory schemes. *See Barnhart v. Peabody Coal Co.*, 537 U.S. 149, 168 (2003) (attributing significance to exclusions only if the provisions are sufficiently similar).  Unlike the garnishment statute at issue in this case, 5 U.S.C. § 5520a, the relevant section of the domestic relations statute, 42 U.S.C. § 666(b), applies to *all* employers, not just the federal government. *See, e.g.*,

*Hatcher v. Ala. Dep't of Human Servs.*, 747 F. App'x 778, 780–81 (11th Cir. 2018) (per curiam).   Because few employers other than the federal government would be subject to the jurisdiction of every state court, domestication of child support and alimony judgments would typically be required absent the provision in § 666 allowing for interstate garnishment.   Here, however, the lack of such a statutory mandate is of no consequence because the federal government is subject to the jurisdiction of every state after the waiver of sovereign immunity.   *See Millard*, 916 F.2d at 7.

Farrell's reliance on a comment by OPM, which promulgates regulations under the statute, is similarly unavailing.   Instead of requiring domestication in situations like the one at hand, the comment correctly rejects the argument that the federal government must "determine whether the court that issued the [garnishment] order had lawfully acquired jurisdiction over the out-of-State obligor." Commercial Garnishment of Federal Employees' Pay, 60 Fed. Reg. 13027-01, 13028 (Mar. 10, 1995) (citing *Morton*, 467 U.S. at 828–30).   The statute exempts the federal government from liability for payments made "pursuant to legal process regular on its face."   5 U.S.C. § 5520a(g).   And, in this case, there is no dispute that the California court could issue the earnings withholding order pursuant to the valid California judgment against Farrell.

## III

We **AFFIRM** the judgment of the district court.